# Sandlin *v.* The State.

### *Violating Prohibition Law.*

(Decided May 13, 1913. 62 South. 386.)

1. *Trial; Taking Case From Jury.*—Where a defendant moves the court to exclude the evidence on the theory that it was not sufficient to make out a case, and then offers evidence after a denial of the motion which brings about rebuttal evidence making out a prima facie case against defendant, he cannot complain of the denial of the original motion.

2. *Intoxicating Liquors; Evidence.*—Evidence in this case examined and held sufficient to require a submission to the jury of the question of the guilt or innocence of defendant.

3. *New Trial; Criminal Case.*—Section 2846, Code 1907, has no application to criminal cases, and no appeal will lie from a motion to grant a new trial in a criminal case.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

J. M. Sandlin was convicted of violating the prohibition law, and he appeals. Affirmed.

R. L. WINDHAM and M. D. McCOLLUM, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was convicted of selling whisky to one Charley Burton. At the conclusion of the state's evidence the defendant moved to exclude it on the theory that it was not sufficient to make out a prima facie case, which motion was overruled by the court. If defendant had rested at this point, when there was probably merit in his position, the lower court might have been reversed for overruling the motion; but this we need not and do not decide, since the defendant proceeded to offer evidence himself, which led to rebuttal evidence by the state, whereby we are of opinion that on the whole evidence the matter of the guilt or innocence of the accused was properly submitted to the jury, and that they were justified in reaching the verdict they did. The state's evidence, at the time it rested, was entirely circumstantial and perhaps inconclusive as to what was contained in the half-pint whisky bottle sold by defendant to Charley Burton at defendant's soda fount, and was not perhaps sufficient to exclude a reasonable hypothesis that it contained something else than liquor; but it often happens, as it did here, that a defendant by his testimony, when subjected

to the test of a cross-examination, strengthens the case made by the state, especially where his explanations, seeking to give an innocent coloring to the incriminating circumstances proved by the state, are weak, are shown to be improbable by the rebutting evidence for the state, and are in themselves susceptible of suspicious inferences. Here the evidence for the state showed that the state's witness went into the store of defendant with Burton, the alleged purchaser of the whisky, and saw defendant, while witness was in the rear end of the store, pass a black half-pint whisky bottle over the counter to Burton, the two being then in the front end of the store, and saw defendant receive in return some money from Burton, which bottle Burton put in his pocket; that witness could not see and did not know what was in the bottle, nor how much money passed, nor did he hear what was said between the parties, but that about an hour afterwards and in about 100 yards from defendant's store Burton pulled a bottle out of his pocket, like the one he saw defendant pass him over the counter, and gave witness a drink of whisky.

Defendant admitted passing the bottle over the counter to Burton and receiving money from him in return, as testified to by the state's witness, but he says that the bottle contained grape juice sold by him from his soda fountain, and not whisky; and in explanation of how he came to be in possession of the whisky bottle and of Burton's buying the grape juice in a bottle, rather than in a glass over the counter, which was the usual way defendant sold it, defendant said that before state's witness, Keeton, and Burton, the purchaser, came in the store, Burton had already been in there, and that Burton and defendant's partner, Wright, went into a side room to take a drink furnished by Burton; that Burton at the time had two half-pint bottles of whisky,

both just alike; and that after Burton and Wright took a drink Wright, defendant's partner, suggested that they follow it with a "chaser," whereupon, defendant brought them in glasses some grape juice, which they drank as such "chaser"; that Burton [evidently delighted with the "chaser"] told defendant to fix him up some in a bottle, to which defendant replied he would if Burton would furnish the bottle; that Burton took the last drink out of one of the two half-pint bottles he had and handed this empty bottle to defendant; that defendant "went on off somewhere," and later when Burton came into the store with state's witness, Keeton, defendant handed Burton this same bottle, containing then grape juice, and received from him five cents as pay therefor. In rebuttal, the state's witness Keeton testified that, when Burton gave him the drink of whisky as testified to by him on his original examination, Burton offered him no "chaser" and took none himself; that if he had another bottle containing a "chaser" of grape juice it was neither exhibited nor mentioned. Burton himself was not examined as a witness by either side. The court properly refused the affirmative charge requested by defendant, and correctly submitted the case to the jury.

What we have said would render it unnecessary to consider the motion for a new trial, if we had authority to do so. Section 2846 of the Code, with reference to appeals from judgments overruling motions for new trials, has no application to criminal cases.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.